# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| Legent Clearing, LLC and Legent Group, LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 09-CV-3662 |
| vs. | ) | Hon. Harry D. Leinenweber |
| | ) | |
| Andrew Balistreri, Sheila Balistreri, Suzanne Bittrolff, Gerald Brochini, Carol Brochini, Vincent Cantwell, Linda Cantwell, Jack Darcey, Patricia Darcey, Raymond Elkins, Doreen Elkins, Beulah Flood, James Frederick, Linda Frederick, Pauline Ghazaleh, Gary Gilmore, Michelle Gilmore, Duncan Grant, Barbara Grant, Catherine Hanoum, Darlene Harris, Lynette Heibert as Executor of the Estate of Jean Robinson and the Jean Robinson Living Trust, David Hinkel, Joan Himes, Sharon Isbell, Jack Jones, Dorothy Jones, Howard Johnson, Alyce Johnson, Donald King, Patricia King, Ernest Kinzli, Diane Kinzli, Gary Lindquist, Mavis Muller, Helen Penning, Judith Perkowski, Larry Robertson, Anita Robertson, Pamela Sanderson, Mary Louise Schuster, Rodney Sekimoto, Sharon Senning, Ann Solomon, Frank Thomas, Virginia Thomas, Robert Thomas, Zelda Thomas, Shirley Thompson, Cary Tremewan, Jan Tremewan, Ardeth Ullman, Carmen Yaskewich, Gilbert Yee, Michiko Yee, and Irene Yunt | ) | **DECLARATION OF PATRICK BALDWIN, ESQ. IN OPPOSITION TO PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER** |
| | ) | |
| Defendants. | ) | |

## <u>DECLARATION OF PATRICK BALDWIN, ESQ.</u>

1. I am over 18 years of age and have personal knowledge of the facts stated herein, and if called to testify would testify to same based upon my own personal knowledge.

2. I am an attorney with the firm of Baldwin Law Group located in Menlo Park, California and I represent Defendants Andrew Balistreri, *et al.* ("Defendants"). I am licensed to practice in all California State Courts, and the United States District Court, Northern District of California. My application to appear *pro hac vice* in the United States District Court, Northern District of Illinois is pending.

3. On the afternoon of July 21, 2009, Defendants received notice of the July 23, 2009 hearing of Plaintiffs' Motion for Temporary Restraining Order.

4. Defendants have not had adequate time to prepare and file a formal opposition, but file this declaration in opposition to the Plaintiffs' Motion for Temporary Restraining Order. I also intend to appear telephonically for the hearing of Plaintiffs' Motion for Temporary Restraining Order.

5. On October 18, 2008, Defendants filed an arbitration claim against Plaintiffs at the Financial Industry Regulatory Authority ("FINRA"), FINRA Case No. 08-03782.

6. FINRA was created through consolidation of the National Association of Securities Dealers ("NASD") and the member regulation operations of the New York Stock Exchange ("NYSE"). FINRA is the securities industry self-regulatory body of which Plaintiff Legent Clearing LLC is a member.

7. Through their FINRA arbitration claim, Defendants allege, among other things, that Plaintiffs fraudulently gained discretion and control over Defendants' retirement accounts, and without disclosure or authority, then commingled and used Defendants' retirement accounts for speculative trading on margin that would only benefit Plaintiffs and other third parties, not

Defendants. Defendants also allege that Plaintiff Legent Clearing LLC was broker-dealer for the Defendants and owed them a duty of care which Plaintiff Legent Clearing LLC breached.

8. On February 2, 2009 Plaintiffs requested that FINRA deny Defendants the FINRA arbitration forum. Plaintiffs contended that FINRA did not have jurisdiction over them and the claims asserted by Defendants against Plaintiffs.

9. On May 20, 2009, after extensive briefing by both parties regarding the jurisdictional issue, the Director of FINRA Dispute Resolution concluded that FINRA had jurisdiction. The Arbitration was ordered to proceed, an Arbitration Panel was selected and discovery was propounded.

10. Under FINRA Code of Arbitration Procedure, Rule 12200, a FINRA member firm is required to arbitrate disputes with its customers. Attached hereto as Exhibit "A" is a true and correct copy of FINRA Code of Arbitration Procedure, Rule 12200.

11. Plaintiff Legent Clearing LLC is a FINRA member firm.

12. I am informed and believe that each Defendant executed an Asset Transfer Form transferring their subject securities accounts directly to Plaintiff Legent Clearing LLC as "broker-dealer" of record, and that each form represented that Plaintiff Legent Clearing LLC was a member of the NASD, which is now referred to as FINRA. Attached hereto as Exhibit "B" is a true and correct copy of the Asset Transfer Form of Defendant Balistreri.

13. FINRA Dispute Resolution set the arbitration hearing for Defendants' arbitration claim for October 19 23, 2009, in San Francisco, California.

///

14. On June 24, 2009, nearly eight months after Defendants filed the FINRA Arbitration Claim, Plaintiffs filed the instant action wherein Plaintiffs essentially seek to enjoin Defendants from proceeding with their FINRA arbitration claim, contrary to the decision of the Director of FINRA Dispute Resolution that FINRA has appropriate jurisdiction.

15. On July 21, 2009 I spoke with counsel for Plaintiffs, Ellen Wheeler, Esq., and requested that Plaintiffs stipulate to transferring venue of this Declaratory Relief action to the Northern District of California, as nearly all of the Defendants reside in the Northern District of California, and that none of the substantial events upon which Plaintiffs' Complaint for Declaratory Relief are based have any connection to the Northern District of Illinois. I am also informed and believe that Plaintiffs are Nebraska limited liability companies.

16. On July 21, 2009 Plaintiffs denied Defendants' request to stipulate to transfer venue of the instant action to the Northern District of California.

17. Defendants are currently preparing a Motion to Transfer Venue of the instant action to the Northern District of California, and anticipate filing it by July 24, 2009.

18. On July 21, 2009, despite the above, Ms. Wheeler informed me that Plaintiffs intended to proceed with the instant Motion for Temporary Restraining Order. Plaintiffs seek a temporary restraining order "due to imminent discovery and other deadlines in the arbitration proceeding." See, Plaintiffs' Memorandum of Law in Support of the Motion for Temporary Restraining Order, Page 2.

19. On July 21, 2009, Defendants requested that Plaintiffs refrain from proceeding with the Motion for Temporary Restraining Order as there is no potential immediate harm facing Plaintiffs.

20. The FINRA Arbitration Hearing of Defendants' claim is scheduled for nearly three months from now, October 19 23, 2009. Defendants also offered to Plaintiffs to stipulate to stay discovery in the FINRA arbitration until Defendants' Motion for Transfer of Venue may be ruled upon.

21. Plaintiffs denied Defendants' offer to stipulate to stay discovery in the FINRA arbitration until Defendants' Motion for Transfer of Venue may be ruled upon. On July 21, 2009 Defendants sent correspondence to Plaintiffs' counsel concerning Defendants' offer to stipulate to stay discovery. Attached hereto as Exhibit "C" is a true and correct copy of Defendants' July 21, 2009, correspondence to Plaintiffs.

22. Plaintiffs request an Order that "Legent cannot be compelled to arbitrate the claims which defendants have asserted against Legent in Financial Industry Regulatory Authority ("FINRA") arbitration case no. 08-03782 (the "Arbitration") due to the absence of any agreement to arbitrate between the parties and the absence of any customer relationship between the parties pursuant to FINRA Rule 12200." Defendants assert that Plaintiffs' proposed order is a premature request for the court decide the ultimate issues of case, and ignores the forms which demonstrate that Plaintiff Legent Clearing LLC was the broker-dealer of record for Defendants.

23. On July 22, 2009, Defendants offered to accept service of Plaintiffs' Complaint for Declaratory Relief. Attached hereto as Exhibit "D" is a true and correct copy of Defendants' July 22, 2009, correspondence to Plaintiffs.

I declare under the penalty of perjury that the foregoing is true and correct.
Executed on July 22, 2009

Patrick Baldwin, Esq.

# CERTIFICATE OF SERVICE

I, Christopher Mader, Esq., an attorney, hereby certify that on July 22, 2009, I caused the foregoing **Declaration of Patrick Baldwin, Esq.** to be served on the following counsel of record via facsimile to:

Ellen M. Wheeler, Esq.
Foley & Lardner LLP
321 North Clark Street
Suite 2800
Chicago, IL 60654
(312) 832-4500
*Attorneys for Plaintiffs*

/s/ Christopher Mader
Christopher Mader

# EXHIBIT “A”

FINRA

Print

## 12200. Arbitration Under an Arbitration Agreement or the Rules of FINRA

The Customer Code applies to claims filed on or after April 16, 2007. In addition, the list selection provisions of the Customer Code apply to previously filed claims in which a list of arbitrators must be generated after April 16, 2007; in these cases, however, the claim will continue to be governed by the remaining provisions of the old Code unless all parties agree to proceed under the new Code.

Parties must arbitrate a dispute under the Code if:

- Arbitration under the Code is either:

  (1) Required by a written agreement, or

  (2) Requested by the customer;

- The dispute is between a customer and a member or associated person of a member; and

- The dispute arises in connection with the business activities of the member or the associated person, except disputes involving the insurance business activities of a member that is also an insurance company.

Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2003-158 eff. April 16, 2007.

**Selected Notices:** 07-[illegible], 08-57.

©2008 FINRA. All rights reserved.

# EXHIBIT "B"

# Asset Transfer Form

Please provide all requested information in black ink in highlighted areas and sign on page 2.

**ACCOUNT TYPE:** Indicate the type of account you are transferring (check one).

**Retirement:** ☐ IRA ☐ SEP IRA ☑ Rollover IRA ☐ Direct Rollover (Employer Qualified Plan to IRA Rollover)
☐ Simple IRA ☐ Roth Contributory IRA ☐ Roth Conversion IRA
☐ Qualified/Other ____________

**(Please see the "Special Instructions Disclosure" on page 3 of this form.)**

**Non-Retirement** ☐ Estate Account ☐ Corporate Account ☐ Single Account ☐ Custodian Account (UGMA/UTMA)
☐ Joint Account ☐ Trust Account ☐ Partnership ☐ Other ____________

DTCC = 0052 OCC = 0052
Clearing Number

15039588
Receiving Firm Account Number

Carrying Firm Clearing Number: 110123170

Carrying Firm Account Number: 398328823

Enterprise Trust Company FBO: PIM ROLLOVER IRA CUST FOR ANDREW J BALISTRERI- 6348
Receiving Account Title/Registration

Tax ID or SSN

Pioneer Funds
Name of Carrying Firm

PIM ROLLOVER IRA CUST FOR ANDREW J BALISTRERI
Carrying Firm Account Title/Registration (Should match receiving account)

P.O. Box 55014
Carrying Firm Street Address

Boston, MA 02205-5014
City State Zip

## BROKER ACCOUNT AT BROKER/DEALER OR MUTUAL FUND COMPANY TRANSFER

**Check Only One:** (Please follow Delivery Instructions on page 5 of this form.)

☐ **Full Account Transfer:** Transfer my ENTIRE account in kind and redeem Core Money Market positions to cash. Proprietary products will not be delivered.

☐ **Full Liquidation:** Liquidate my entire account and transfer as cash. (Accounts held at ACAT eligible firms should be liquidated prior to submitting this form.)

☐ **Partial Transfer of Broker Account at Broker/Dealer**

X **Mutual Fund Transfer:** Transfer ONLY the following mutual funds in my account. Use one form for each mutual fund company. Attach additional transfer forms if necessary. Each form must have client's signature. Unless otherwise indicated, all shares will be transferred.

| Number of shares or "All" | Name of Security or Fund | CUSIP | Type of Transfer | | Mutual Fund Account Number (If Applicable) | C = Cash Dividends | | R = Reinvest Capital Gains | |
|---|---|---|---|---|---|---|---|---|---|
| | | | In-Kind | Liquidate | | C | R | C | R |
| All | Equity | 72366V108 | X | | | | | | |
| | ~~[illegible]~~ | ~~72384107~~ | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |

CLEARED THROUGH LEGENT CLEARING 9300 Underwood Avenue, Suite 400 • Omaha, Nebraska 68114-2685 • 402-384-6101
www.legentclearing.com • Member NASD & SIPC



TR 03641

## Asset Transfer Form

**Bank, Savings & Loan, Insurance Company, or Credit Union Transfers** (Use one form for each account being transferred.)

- ☐ Transfer all cash in my account
- ☐ Transfer only $ ____________
- ☐ Transfer proceeds at maturity
- ☐ Liquidate CD and transfer proceeds immediately. *I acknowledge that I may incur penalties for early withdrawal.*
- ☐ Liquidate insurance annuity and transfer proceeds to Legent Clearing LLC. *I acknowledge that I may incur surrender charges or other charges and penalties.* (Legent Clearing LLC. does not hold annuities in retail brokerage accounts.)

### SPECIAL INSTRUCTIONS DISCLOSURE

TO THE CARRYING FIRM NAMED: Please be advised that I have amended my retirement plan and have adopted a new retirement plan with Enterprise Trust Company as successor trustee. Pursuant to said amendment, please transfer all assets in my account to such successor trustee. I understand that to the extent any assets in my account are not readily transferable, with or without penalties, such assets may not be transferred within the time frames required by New York Stock Exchange Rule 412 or similar rule of the National Association of Securities Dealers or other designated examining authority. Unless otherwise indicated, I authorize you to liquidate any nontransferable proprietary money market fund assets that are part of my account and transfer the resulting credit balance to the successor trustee. I understand that if I choose a method of disposition of such assets other than liquidation and transfer, I may become liable for the payment of taxes and penalties with respect to such assets. I also understand that the above indicated carrying organization will contact me with respect to the disposition of any other assets in my account that are not transferable. I authorize you to deduct any outstanding fees due you from the credit balance in my account. If my account does not contain a credit balance, or if the credit balance in the account is insufficient to satisfy any outstanding fees due you, I authorize you to liquidate the assets in my account to the extent necessary to satisfy any outstanding fees due you. If certificates or other instruments in my account are in your physical possession, I instruct you to transfer them in good deliverable form, including affixing any necessary tax waivers, to enable the successor trustee to transfer them in its name for the purpose of sale, when and as directed by me. Upon receiving a copy of this transfer instruction, the carrying organization will cancel all open orders for my account on its books. I affirm that I have destroyed or returned to you credit/debit cards and/or unused checks issued to me, if any, in connection with the account I have designated for transfer.

### SIGNATURES (Required on all IRA registration types)

**Acknowledgment:** I have read and understand the rollover rules and conditions on page 4 and I have met the requirements for making a rollover. Due to the important tax consequences of rolling over funds or property to an IRA, I have been advised to see a tax professional. All information provided by me is true and correct and may be relied on by the trustee. I assume full responsibility for this rollover transaction and will not hold the trustee liable for any adverse consequences that may result. I hereby irrevocably designate this contribution of $ ____________ in cash and/or property as a rollover contribution.

IRA Holder: Andrew J Balitteri [signature] — Date: 2/12/2007

Witness: [signature] — Date: 2.12.07

**A copy of your most recent account statement from the resigning firm is required to process this form.**

Client's Signature (or authorized signature): Andrew J Balitteri [signature] — Date (must be completed): 2/12/2007

Client's Signature (if joint or multiple trustees): [signature] — Date (must be completed): 2/14/07

Medallion Signature Guarantee (internal use only)

**Letter Of Acceptance:** To the prior trustee or custodian: Please be advised that Enterprise Trust Company of Nevada will accept the account described herein as successor trustee.

Authorized Signature (custodian's use only): [signature]

| Investment Consultant/Financial Adviser Name | Investment Consultant/Financial Adviser Number | Branch |
|---|---|---|
| George Dragel | 99 | TT-99 |

☒ Change broker/dealer to Legent Clearing LLC. #005

CLEARED THROUGH LEGENT CLEARING 9300 Underwood Avenue, Suite 400 • Omaha, Nebraska 68114-2685 • 402-384-6101
www.legentclearing.com • Member NASD & SIPC

# EXHIBIT "C"

L A W G R O U P

*Via E-Mail Only*

July 21, 2009

Ellen Wheeler, Esq.
Foley & Lardner LLP
321 North Clark Street, Suite 2800
Chicago, IL 60654

Re: *Legent Clearing LLC, et al. v. Andrew Balistreri, et al.*
USDC Northern District of Illinois Case No. 09-CV-03662

Dear Ms. Wheeler:

We represent Defendants in the above.

First, per our conversations this afternoon, venue is inappropriate in the Northern District of Illinois. Nearly all of the Defendants reside in California and Plaintiffs Legent Clearing LLC and Legent Group are Nebraska corporations. None of the "events" upon which Plaintiffs' Complaint for Declaratory Relief are based have any connection to Illinois. As such, we requested that Legent voluntarily submit to a transfer of venue. Legent, however, denied this request, and as a result, Defendants will be forced to file an official motion to transfer venue.

Second, you indicated that Plaintiffs intend to proceed with a motion for temporary restraining order enjoining Defendants from proceeding with the arbitration Defendants filed against Plaintiffs in October 2008 at the Financial Industry Regulatory Authority ("FINRA"). Per our conversations this afternoon, there is no "immediate and irreparable" harm justifying a TRO because the FINRA arbitration hearing is scheduled for three months from now and Defendants have offered to stay discovery in the FINRA arbitration until the District Court issues its ruling on Defendants' motion to transfer venue.

Legent's actions are only serving to increase the attorneys fees for all parties. Defendants again request that Plaintiffs remove the motion for temporary restraining order from the court's calendar, and agree to Plaintiffs' offer to stay discovery in the FINRA arbitration until the District Court issues its ruling on Defendants' motion to transfer venue.

Please call us with any questions.

Sincerely,

Patrick Baldwin

530 Oak Grove Avenue, Suite 207 • Menlo Park, CA 94025
Toll Free: 1-888-326-8191 • Phone: 650-326-8195 • Fax: 650-326-0467 • www.baldwinlawgroup.com

# EXHIBIT "D"

L A W G R O U P

*Via E-Mail Only*

July 22, 2009

Ellen Wheeler, Esq.
Foley & Lardner LLP
321 North Clark Street, Suite 2800
Chicago, IL 60654

Re: *Legent Clearing LLC, et al. v. Andrew Balistreri, et al.*
USDC Northern District of Illinois Case No. 09-CV-03662

Dear Ms. Wheeler:

During our discussions yesterday, we discussed the issue of service of Plaintiffs' Complaint for Declaratory Relief. Please be advised that we accept service of the Complaint for Declaratory Relief as of today's date.

Please call us with any questions.

Sincerely,

Patrick Baldwin